Statement of Facts.

GAB. SHAFFNER ET AL. v. G. W. SHAFFNER.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY.

Argued June 1, 1891—Decided October 5, 1891.

1. The violation, by the purchaser at sheriff's sale of an interest in real
estate, of a parol agreement that he would buy for another, a stranger
to the title but occupying the property, and convey to the latter on the
payment of the purchase money, will not create a trust ex maleficio in
favor of the promisee.
2. Evidence of the payment by the promisee of the taxes subsequently
assessed upon the property, and for repairs and improvements subse-
quently made, tends only to establish the parol agreement as alleged,
but not that there was such fraud when it was made as is requisite to
create a trust ex maleficio.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, Mc-
COLLUM and MITCHELL, JJ.

No. 4 May Term 1891, .Sup. Ct.; court below, No. 130
Equity D., C. P.

On February 10, 1890, Gabriel Shaffner and Mary C. Shaff-
ner filed against George W. Shaffner a bill in equity which, as
afterward amended, averred as follows :

" 1. That Gabriel Shaffner is the owner of the one undivided
half of a certain house and lot of ground, situate on the corner
of Herr and Elder streets, in the city of Harrisburg, in which
his daughter and co-complainant has and has had for a num-
ber of years a millinery establishment.

" 2. That prior to and on the thirteenth day of November,
1884, Henry C. Shaffner, the son of the said Gabriel Shaffner,
was the owner of the other one individed half of the real estate
mentioned in paragraph first ; and that on the said thirteenth
day of November, 1884, his interest in said property, was sold
by the sheriff of said county, by virtue of a certain writ of
venditioni exponas issued against him by one Reuben Clemens,
and struck off for the sum of $75, the whole of said real estate
being worth about $3,000, but subject to a mortgage of $2,000 ;

the nominal purchaser being the defendant, George W. Shaffner, who is a nephew of the said Gabriel Shaffner.

" 3. That, on the day of said sale, it was agreed by and between the said Gabriel Shaffner, and the said George W. Shaffner, the attorney for the execution creditor assenting thereto, that the said George W. Shaffner should pay to the execution creditor aforesaid the sum of $300, in full settlement of his claim, and that the property should be struck off to him for the sum of $75; for the use and benefit, nevertheless, of the said Mary C. Shaffner, she being a party to the agreement, to whom he should make a deed of conveyance for the same whenever she should be ready to pay to him the said sum of $375, and the further sum of $1.50, the cost of the deed, together with interest on the said several sums down to the date of the payment.

" 4. That, although the said Mary C. Shaffner has since that date repeatedly offered to pay the amount of purchase money agreed upon, and has demanded a conveyance of said property in accordance with the understanding and agreement made at the time of the sheriff's sale, the said defendant has utterly refused so to convey, and has, up to the time of the filing of this bill, fraudulently retained the legal title acquired as aforesaid, and still retains it, claiming to be the bona-fide owner of the said real estate, and repudiating the agreement and trust so as aforesaid made.

" 5. That the said Mary C. Shaffner has been and is now the occupier of the whole of said premises, her father making his home with her, and has ever since the sale paid all the taxes assessed on said property, and made repairs and improvements thereon; and has also paid yearly to the said George W. Shaffner the interest on the sum paid by him and on the balance of a judgment which he holds against the said Gabriel Shaffner, so that there is due him now only the principal sum, which she has offered to pay, and is now ready and willing to pay to him, on his execution and delivery to her of a deed for the interest purchased for her use at the sheriff's sale.

" 6. That the agreement made for the purchase of the property at the sheriff's sale, as set forth in paragraph third, was a family arrangement, all the parties to it being closely related; and the said Gabriel Shaffner, being the owner of the one undivided half of the premises, was desirous that his daughter, the

Opinion of Court below.

said Mary C., should be the owner of the other half, she being the occupant of the premises, and as before stated, the party who paid the taxes and repairs upon the whole. If this agreement had not been made, the defendant would not have been allowed to purchase the property at the price named, its value being greater, and the arrangement being made solely for the use and benefit of the said Mary C. Shaffner. With this express understanding, the defendant agreed to bid in the property for her use, loaning her the amount of the purchase money and the $300 paid the execution creditor, she paying him the interest thereon, until the principal should be paid and the deed delivered to her. But, in violation of this trust, the defendant fraudulently took and retained the title in himself, thus becoming a trustee ex maleficio for the said Mary C. Shaffner."

The prayers of the bill were: (1) For a decree that the defendant, upon payment to him of the said sum of $376.50, with the interest yet due thereon, should execute and deliver to said Mary C. Shaffner a deed for the one undivided half of the said real estate ; (2) for general relief.

The defendant demurred to the bill.

The demurrer having been argued, the court, SIMONTON, P. J., on May 5, 1890, filed the following opinion and decree :

The only ground on which it can be argued that there was a trust ex maleficio in this case is that of fraud. But the fraud which will create such a trust must be fraud at the time of sale ; and we fail to find anything stated in the bill which tends to show that any fraud was then practiced by the defendant. The only allegation that even hints at it is, that if the agreement to convey to Mary C. Shaffner had not been made by defendant, " he would not have been allowed to purchase the property at the price named, its value being greater." But neither of the plaintiffs had any control of the sale, and there is not a word in the bill to show that it was within the power of either to purchase the property, or to make any other arrangement in regard to it ; or that there was any other person present prepared to purchase or even to bid. The fact that Mary " has ever since the sale paid all the taxes assessed on said property and made repairs and improvements thereon," only tends to show that the agreement was as stated in the bill, but not that

there was fraud in making it. If it show any fraud at all, it is what is styled by Justice STRONG, in Kellum v. Smith, 33 Pa. 158, "subsequent covin;" which, he says, "will not answer any more than subsequent payment of the purchase money will convert an absolute purchase into a naked trust."

The demurrer is therefore sustained, and the bill dismissed at the cost of the plaintiffs.

—Thereupon, the plaintiffs took this appeal, assigning the decree sustaining the demurrer and dismissing the bill for error.

*Mr. H. M. Graydon*, for the appellants.

Counsel cited: Church v. Ruland, 64 Pa. 432; Beegle v. Wentz, 55 Pa. 369; Lingenfelter v. Ritchey, 58 Pa. 485; Seichrist's App., 66 Pa. 237; Squires's App., 70 P. 266; Cook v. Cook, 69 Pa. 443; Boynton v. Housler, 73 Pa. 453; Wolford v. Herrington, 86 Pa. 39; Cowperthwaite v. National Bank, 102 Pa. 397.

*Mr. John H. Weiss* (with him *Mr. Lyman D. Gilbert*), for the appellee.

Counsel cited: Jackman v. Ringland, 4 W. & S. 149; Barnet v. Dougherty, 32 Pa. 371; Kellum v. Smith, 33 Pa. 158; First N. Bank v. Cowperthwaite, 10 W. N. 534; Fox v. Heffner, 1 W. & S. 372; Kisler v. Kisler, 2 W. 327; Robertson v. Robertson, 9 W. 42; Haines v. O'Conner, 10 W. 320; Kimmel v. Smith, 117 Pa. 193; Salsbury v. Black, 119 Pa. 207.

PER CURIAM:

The decree is affirmed upon the opinion of the learned judge of the court below, and the appeal dismissed at the cost of the appellants.